### THE STARKE ADVERTISING AGENCY v. ALFRED ADAMS, JUNIOR.

Argued November 7, 1906—Decided November 22, 1906.

Notwithstanding *Pamph. L.* 1894, *p.* 346, requiring foreign corporations to establish a principal office and appoint an agent upon whom process may be served, the venue of an action brought by a foreign corporation in the county of its principal office against a resident of another county is subject to change to the county of defendant's residence.

On motion to change venue.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the motion, *Clarence L. Cole.*

*Contra, Henry F. Stockwell.*

The opinion of the court was delivered by

SWAYZE, J. This is a motion to change the venue from Camden county, where the plaintiff, a foreign corporation, has its office, to Atlantic county, where the defendant resides.

The defendant insists that the plaintiff has no residence in this state. It does not appear where the cause of action arose.

If the question were new in this court there would be much to be said in favor of the plaintiff's contention that what is held to be a residence for the purpose of service of process upon a foreign corporation when it is defendant (*Goldmark* v. *Magnolia Metal Co.*, 36 *Vroom* 341) ought to be held a residence for the purpose of enabling it to lay the venue in the county where its principal office is situate when it is plaintiff. Although a corporation cannot be said, in strict legal language, to reside in any particular county, its residence for the purpose of determining the proper venue may fairly be considered as being in the place where its principal office is. *Thorn* v. *Central Railroad Co.*, 2 *Dutcher* 121.

That case, however, was a case of a domestic corporation, and this court has recently changed the venue where the plaintiff was a foreign corporation. *Delaware, Lackawanna and Western Railroad Co.* v. *North Jersey and Pocono Mountain Ice Co.*, 36 *Vroom* 524.

We see no difference between the case of a railroad company and an ordinary business corporation. Both are recognized as having the right to transact business in New Jersey, both are subject to the process of our courts. The chief difference prior to the act of 1894 (*Pamph. L.*, p. 346) was in the facility with which process might be served. It was not difficult to find an officer, director, agent, clerk or engineer of a railroad company; it was sometimes difficult to find one of these officials of an ordinary business corporation. Hence the necessity of the act requiring the latter class to establish a principal office and appoint an agent upon whom process might be served. It does not follow that the foreign corporation should be treated as a resident of the county where its office is established, when a railroad company is not treated as a resident of the county where its terminal is situated.

No other reason is urged for retaining the venue in Camden county.

Following the precedent above cited, we think this motion must be granted.